12-1857-cv
*Commonwealth of the Northern Mariana Islands v. Canadian Imperial Bank of Commerce*

UNITED STATES COURT OF APPEALS

For the Second Circuit

_____

August Term, 2012

(Argued: August 22, 2012                              Decided: September 5, 2012)

Docket No. 12-1857-cv

_____

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,

*Plaintiff-Appellant*,

—v.—

CANADIAN IMPERIAL BANK OF COMMERCE,

*Garnishee-Appellee*,

WILLIAM H. MILLARD,

*Defendant*,

THE MILLARD FOUNDATION,

*Intervenor*.

_____

Before: CABRANES, STRAUB AND HALL, *Circuit Judges*.

_____

On appeal from an order of the United States District for the Southern District of New York (Lawrence A. Kaplan, *Judge*) denying Plaintiff-Appellant's application for a turnover order pursuant to N.Y. C.P.L.R. § 5225(b). We **CERTIFY** questions to the New York Court of Appeals regarding the appropriateness of such an order where the assets are in the direct possession not of the garnishee, but rather in the garnishee's subsidiary.

_____

> MICHAEL S. KIM (Melanie L. Oxhorn, *on the brief*) Kobre & Kim LLP, New York, NY, for *Plaintiff-Appellant*.
>
> SCOTT D. MUSOFF (Timothy G. Nelson, Gregory A. Litt, *on the brief*) Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY for *Garnishee-Appellee*.

_____

1

PER CURIAM:

For the reasons set forth in the District Court's well reasoned and thorough opinion, *Commonwealth of the Northern Mariana Islands v. Canadian Imperial Bank of Commerce*, No. 11-mc-00099-LAK (S.D.N.Y. Apr. 12, 2012), ECF No. 97, resolution of this case turns upon unresolved issues of New York State law regarding the interpretation of N.Y. C.P.L.R. § 5225(b). We believe it is more appropriate for the New York Court of Appeals to address this matter because it is in a better position than this Court to determine how § 5225(b) should be interpreted in light of New York's overall statutory scheme (including, but not limited to, consideration of whether the identical language in § 5225(a) should be given the same meaning as § 5225(b) and what the legislature intended when enacting § 5225(b)).

For the foregoing reasons and pursuant to New York Court of Appeals Rule 500.27 and Local Rule 27.2 of this Court, we respectfully **CERTIFY** to the Court of Appeals the following questions:

1. May a court issue a turnover order pursuant to N.Y. C.P.L.R. § 5225(b) to an entity that does not have actual possession or custody of a debtor's assets, but whose subsidiary might have possession or custody of such assets?

2. If the answer to the above question is in the affirmative, what factual considerations should a court take into account in determining whether the issuance of such an order is permissible?

"As is our practice, we do not intend to limit the scope of the Court of Appeals' analysis through the formulation of our question, and we invite the Court of Appeals to expand upon or alter [these] question[s] as it should deem appropriate." *Joseph v. Athanasopoulos*, 648 F.3d 58, 68 (2d Cir. 2011).

It is hereby **ORDERED** that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals a copy of this opinion as our certificate, together with a complete set of the briefs, the appendix, and the record filed in this Court by the parties. The parties shall bear equally all fees and costs that may be imposed by the New York Court of Appeals in connection with this certification. This panel will resume its consideration of this appeal after the disposition of this certification by the New York Court of Appeals. The stay imposed by the District Court shall remain in effect at least until we dispose of the case upon its return to this panel.