12-1857-cv
*Commonwealth of the Northern Mariana Islands v. Canadian Imperial Bank of Commerce*

UNITED STATES COURT OF APPEALS

For the Second Circuit

———————————————

August Term, 2012

(Argued:  August 22, 2012                    Decided:  May 15, 2013)

Docket No. 12-1857-cv

———————————————

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,

*Plaintiff-Appellant*,

—v.—

CANADIAN IMPERIAL BANK OF COMMERCE,

*Garnishee-Appellee*,

WILLIAM H. MILLARD,

*Defendant*,

THE MILLARD FOUNDATION,

*Intervenor*.

———————————————

Before:  CABRANES, STRAUB AND HALL, *Circuit Judges*.

———————————————

Appeal from an April 12, 2012 order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) denying Plaintiff-Appellant's application for a turnover order pursuant to N.Y. CPLR § 5225(b).  Recognizing that this case turns upon unresolved issues of New York State law, we certified to the New York Court of Appeals the following two questions:

(1)    May a court issue a turnover order pursuant to N.Y. CPLR § 5225(b) to an entity that does not have actual possession or custody of a debtor's assets, but whose subsidiary might have possession or custody of such assets?
(2)    If the answer to the above question is in the affirmative, what factual considerations should a court take into account in determining whether the issuance of such an order is permissible?

The New York Court of Appeals has responded in the negative to the first question and thus declined to answer the second. In light of this decision, we **AFFIRM** the order of the District Court and **VACATE** the injunction which has been in place pending appeal.

_____

MICHAEL S. KIM, Kobre & Kim LLP, New York, NY, Melanie L. Oxhorn, Ithaca, NY, for *Plaintiff-Appellant*.

SCOTT D. MUSOFF (Timothy G. Nelson, Gregory A. Litt, *on the brief*) Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for *Garnishee-Appellee*.

_____

PER CURIAM:

This is an appeal from an order of the District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) denying Plaintiff Commonwealth of the Northern Mariana Islands' ("CNMI") motion for a turnover order under Rule 69 of the Federal Rules of Civil Procedure and N.Y. CPLR § 5225(b), and granting an injunction pending appeal. After hearing oral argument, we certified to the New York Court of Appeals the following questions:

> 1. May a court issue a turnover order pursuant to N.Y. CPLR § 5225(b) to an entity that does not have actual possession or custody of a debtor's assets, but whose subsidiary might have possession or custody of such assets?

> 2. If the answer to the above question is in the affirmative, what factual considerations should a court take into account in determining whether the issuance of such an order is permissible?

*N. Mar. I. v. Canadian Imperial Bank of Commerce, et al.*, 693 F.3d 274, 275 (2d Cir. 2012).

The New York Court of Appeals accepted certification. *N. Mar. I. v. Canadian Imperial Bank of Commerce*, 19 N.Y.3d 1040, 954 N.Y.S.2d 2 (N.Y. 2012). The court answered the first question in the negative, holding that in order "for a court to issue a post-judgment turnover order pursuant to CPLR 5225(b) against a banking entity, that entity itself must have actual, not merely constructive, possession or custody of the assets sought. That is, it is not enough that the banking entity's subsidiary might have possession or custody of a judgment debtor's assets." *N.*

*Mar. I. v. Canadian Imperial Bank of Commerce,* No. 58, 2013 WL 1798585, slip op. at 1-2 (N.Y. Apr. 30, 2013). The court thus declined to answer the second question. *Id.* at 4. In light of its decision, we now AFFIRM the order of the District Court and VACATE the injunction.

Familiarity with the facts of this case, as set forth in the District Court opinion below and the New York Court of Appeals' opinion, is presumed. Previously, the District Court, in a well-reasoned and thoughtful opinion, denied Plaintiff's motion for turnover, finding that the Canadian Imperial Bank of Commerce ("CIBC") could not be said to have "possession or custody" over Defendant Millard's Cayman Islands bank accounts within the meaning of N.Y. CPLR § 5225(b). *N. Mar. I. v. Millard*, 287 F.R.D. 204, 213-14 (S.D.N.Y. 2012). In support of its motion, CNMI had pointed to, *inter alia*, CIBC's 92 percent ownership of CIBC FirstCaribbean International Bank ("CFIB"), a governance structure by which CIBC had full oversight of CFIB's operations, as well as overlaps in personnel between the two entities. *Id.* at 206-07. Examining the plain language of the statute, the District Court reasoned that omission in the relevant section of the word "control," which was used elsewhere in the CPLR, could not be treated as inadvertent. *Id.* at 210-11. Thus, the court found that while CNMI had focused on the "practical ability" of CIBC to order CFIB to turn over the judgment debtors' assets, *id.* at 208, it had not satisfied its burden under N.Y. CPLR § 5225(b) to show that CIBC was in "possession or custody" of the Millards' CFIB accounts. Further, although the Millards' accounts were housed at CFIB, that entity, "however closely linked to CNMI," was not served in this action. *Id.* at 214.

The New York Court of Appeals unambiguously confirmed the District Court's conclusion when it held that in order "for a court to issue a post-judgment turnover order pursuant to CPLR 5225(b) against a banking entity" it was "not enough that the banking entity's

3

subsidiary might have possession or custody of a judgment debtor's assets." *N. Mar. I.*, 2013 WL 1798585, slip op. at 2. The New York Court of Appeals, much like the District Court, reasoned that the plain language of § 5225(b) "refers only to 'possession or custody,' excluding any reference to 'control, '" *id.*, slip op. at 6, and that "[t]he absence of this word is meaningful and intentional," *id.*

With this answer to the dispositive certified question, we now AFFIRM the District Court's opinion.

Recognizing that it was dealing with an "unsettled question of New York law on which it [was] unlikely to have the last word," the District Court issued an injunction preventing the further dissolution or movement of the Millards' accounts pending appeal. *N. Mar. I.*, 287 F.R.D. at 214-215. Upon affirmance of the District Court's order denying the motion for a turnover order, we hereby VACATE that injunction. The mandate shall issue forthwith.