14-4221
*D.C.A. Grantor Trust v. Republic of Argentina*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
               GERARD E. LYNCH,
                      *Circuit Judge,*
               JANET BOND ARTERTON,
                      *District Judge*.*

_____

D.C.A. GRANTOR TRUST, GIOVANNI CARLOTTA, RAIMONDO IALLONARDO, VALERIO PIACENZA, MILENA AMPALLA, ANTONELLA BACCHIOCCHI, FILIPPO BAGOLIN, GIANCARLO BARTOLOMEI CORSI, ANNELIESE GUNDA BECKER, GIORGIO BENNATI, CARLA MORATA, ORSOLINA BERRA, EUGENIA RE, STEFANO BISTAGNINO, FELICINA GAIOLI, ANDREA BONAZZI, LUCA VITALI, STEFANIA BONPENSIERE, MARCELLO CALANCA, ELETTRA CASALINI, BRUNO CALMASINI, TARCISIA DALBOSCO, ITALIA CAMATO, VINCENZO CARBONE, MARCO CAVALLI, VALERIA TOSO, CARMELINA CENSI, GIAN FRANCESCO CERCATO, BARBARA RICCHI, SILVANA CORATO, GIULIA GREGGIO, FRANCESCO CORSO, GIUSEPPINA CORSO, LAURA COSCI, ALDO DAVID, ANTONIO DE FRANCESCO, FRANCESCO FOGGIATO, RINALDO FRISINGHELLI, GRAZIELLA DACROCE, ANGIOLINO FUSATO, GABRIELE FUSATO, ANNA STORCHI, MADDALENA GAIOLI, FRANCESCO MAURO GHEZZI, MARIA LUIGIA CONTI, GIANFRANCO GUARINI, INNOVAMEDICA S.P.A., FKA MATIVA S.R.I., ANGELO LEONI, RACHELE BONTEMPI, CARMELO MAIO, CLAUDIO MANGANO, MARITZA LENTI, ROMANO MARTON, MIRCO MASINA, GUGLIELMINA MASSARA, MARTINO VERNA, ALESSANDRO MORATA, MARIA RITA MORETTO, UGO LORENZI, BRUNO PAPPACODA, LUISELLA GUARDINCERRI,

_____

* The Honorable Janet Bond Arterton, of the United States District Court for the District of Connecticut, sitting by designation.

ADRIANO ROSATO, SANTE STEFANI, ANGELINA SALMISTRARO, STUDIO LEGALE BENNATI, RENATE TIELMAN, MANUELITO TOSO, MAURO TOSO, MARIO VICINI, GIUSEPPINA CAPEZZERA, GRAZIELLA BONADIMAN, SALVATORE MELCHIONDA, FRANCO PEZZE, TIZIANO SASSELLI, GIOVANNA FERRO, RENATA BOSCARIOL, GIAMPAOLO MONTINO, MAURIZIO SERGI, SIMONA STACCIOLI, AUGUSTO ARCANGELI DE FELICIS, ALBERTO COMPARE, MANUELA DE ROSA KUNDERFRANCO, GIOVANNA CONNENA, ANTONELLA DE ROSA KUNDERFRANCO, ADRIANA DELL'ERA, GIAN CARLO GANAPINI, LAURA ANNA CAPURRO, FERNANDA ANGELA LOVERO, SABRINA PARODI, PAOLA ROSA, LICIA STAMPFLI-ROSA, AGOSTINO CONSOLINI, CESARINO CONSOLINI, MARIO GIACOMETTI, VERNA GUALANDI, HILDA RUPPRECHT, GIANFRANCO AGOSTINI, SARA BARTOLOZZI, ROBERTO BERARDOCCO, CARLO BRETTI, SUSANNA BRETTI, ANNA FERRI, GIOVANNI GIARDINA, VINCENZA SABATELLI, MARIA ROBBIATI, ANGELO COTTONI, BRUNA MATTIOLI, ALLESSANDRA REGOLI, SILVIA REGOLI, INES ROTA, VITO ZANCANER, MATTEO ZANICHELLI, GIOVANNI ZANICHELLI, MASSIMO BETTONI, CARLA MARINI ARCANGELI DE FELICIS, CARIFIN S.A., DIEGO CASTAGNA, EUFROSINA DE STEFANO, GRAZIANO ADAMI, MONICA CROZZOLETTO, CELESTINO GOGLIA, PAOLO LISI, ELIDE MARGNELLI, AMATO MORI, RUGGERO ROSSINI, ANTONIETTA GUISEPPINA BRIOSCHI, RAFFAELE ROSSINI, SIMONETTA MONTANARI, CLAUDIO MORI, ALFREDO PELLI, GRAZIELLA BERCHI, GIUSEPPE SILVIO ROSSINI, MARINELLA SCALVI, LAURA ROSSINI, ADRIANO BETTINELLI, SERGIO LOVATI, ALBERTO BACIUCCO, OTELLO BACIUCCO, EMANUELE BOTTI, GIOVANNI BOTTI, MARIA ZILIANI, CARLO FARIOLI, PIER LUIGI LUCIBELLO PIANI, FRANCO TRENTIN, STEFANIA TRENTIN, MARCO BORGRA, SERGIO BORGRA, DONATELLA FRAGONARA ZANOTTI,

> *Plaintiffs-Appellants*,

PEDRO KALBERMANN,

> *Plaintiff*,

- v -                                        No. 14-4221-cv

REPUBLIC OF ARGENTINA,

> *Defendant-Appellee,*

ADMINISTRACION NACIONAL DE SEGURIDAD SOCIAL,

> *Defendant*,

BANK OF NEW YORK MELLON, as Indenture Trustee,

> *Intervenor.*[†]

---

[†] The Clerk of Court is respectfully directed to amend the caption as set forth above.

2

For Plaintiffs-Appellants:         ANTHONY J. COSTANTINI (Susan Jo, *on the brief)*, Duane Morris LLP, New York, N.Y.

For Defendant-Appellee:         CARMINE D. BOCCUZZI (Jonathan I. Blackman, Michael M. Brennan, Kristin A. Bresnahan, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

For Intervenor:         ERIC A. SCHAFFER (James C. Martin, *on the brief*), Reed Smith, LLP, New York, NY.

For Amici Curiae Euro Bondholders: Christopher J. Clark, Michael E. Bern, Lilia B. Vazova, Latham & Watkins, LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the order of the district court is hereby **AFFIRMED**. The plaintiffs-appellants appeal from the district court's October 27, 2014, order denying their motion for a turnover order pursuant to New York's Civil Practice Law and Rules § 5225(b). The appellants, who are judgment creditors of the defendant-appellee Republic of Argentina ("the Republic"), seek to compel the intervenor Bank of New York Mellon ("BNY") to turn over funds in satisfaction of the judgment debts owed by the Republic. The district court denied the motion because, even assuming § 5225(b) applied to the assets in question, such turnover would be barred by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611. We assume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

Section 5225(b) creates a remedy for judgment creditors in situations where property of a judgment debtor is in the possession or custody of a third party. *See N. Mariana Islands v. Canadian Imperial Bank of Commerce*, 717 F.3d 266, 267 (2d Cir. 2013). To invoke § 5225(b), a judgment creditor must show, *inter alia*, "either that the judgment debtor is 'entitled to the

3

possession of such property,' *or* . . . that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (quoting § 5225(b)).

The appellants cannot satisfy either of these alternatives. First, the judgment debtor—i.e., the Republic—is not "entitled to the possession" of the assets held by BNY. For this prong to be met, the Republic must be able to retrieve the disputed assets back from BNY. *See Swezey v. Lynch*, 926 N.Y.S.2d 415, 419 (App. Div. 2011), quoting Siegel, N.Y. Prac. § 488, at 826 [4th ed.] ("The judgment creditor stands in the shoes of the judgment debtor, and if a given property, asset, interest, or deposit is unavailable to the debtor, it is unavailable to the creditor."). Here, however, when the district court froze the assets at BNY to enforce a prior injunction, the district court ordered BNY to "retain the Funds in its accounts . . . pending further Order of this Court" and to "not make or allow any transfer of the Funds unless ordered by the Court." J.A. 55. To ensure that nothing would happen to the funds held by BNY, the district court expressly prohibited the Republic from "tak[ing] . . . steps to interfere with BNY's retention of the Funds in accordance with the terms of this Order." *Id.* Under these injunctions, the Republic is barred from getting the funds back from BNY, and the Republic is therefore not "entitled to the possession" of the funds within the meaning of § 5225(b).

Second, the appellants' rights to the property are not "superior" to the rights of BNY. Appellants argue that they have a superior claim because they are owed more money, and have been denied payment for longer, than the exchange bondholders for whose benefit BNY has the money. But appellants cite no New York authority permitting courts to determine "superior" rights to property based on subjective equitable assessments of the relative fairness of paying one class of creditor or another. Rather, "superior" rights in property have been assessed by the New

4

York courts based on legal interests in the property, as for example where the "fraudulent conveyance provisions of the [New York] Debtor and Creditor Law" apply. *Gelbard v. Esses*, 465 N.Y.S.2d 264, 268 (App. Div. 1983). Here, however, the Republic's transfer of funds to BNY was not a fraudulent conveyance, because the Republic was attempting to pay other creditors, for whom BNY acts as trustee. At most, then, the Republic's transfer was a preference among creditors. But under New York law, preferring one creditor over another is neither actually nor constructively fraudulent. *See In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 634 (2d Cir. 1995). Nor do appellants claim any other legal interest in the funds transferred to BNY, such as a security interest, let alone an interest superior to that of BNY; they rely solely on their status as an unsecured general creditor of the Republic. The appellants' rights to the disputed property are therefore not superior to those of BNY.

In sum, because (1) the Republic is not entitled to possession of the property back from BNY, and (2) the appellants' rights to the property are not superior to the rights of BNY, the statutory prerequisites of § 5225(b) are not met. We accordingly affirm the district court's decision to deny the motion under § 5225(b), albeit on alternative grounds. Because § 5225(b) does not authorize turnover of the assets, we do not reach the question of whether such turnover would be barred by the Foreign Sovereign Immunities Act.

We have considered the appellants' remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5